JOHN W. SANDERS v. ATLANTIC COAST LINE RAILROAD
COMPANY.

(Filed 4 December, 1912.)

**Railroads—Master and Servant—Safe Place to Work—Projecting
Sill—Instructions—Negligence—Contributory Negligence—Questions for Jury.**

In an action to recover damages inflicted by a railroad on its employee, there was evidence tending to show that the employee was an uninstructed porter on defendant's train and at night was told by the conductor to unlock a switch for the train to pass, and as the train was passing with moderate speed the employee, having a lantern in his hand necessary to give him light, caught hold of the grab-iron of the passing train with his other hand, and while boarding it in this manner, his foot struck against a sill of unusual length, projecting from the outside of the curve, of which he had no knowledge, and inflicted the injury complained of: *Held,* (1) evidence sufficient to go to the jury upon the circumstances, on the defendant's negligence in failing to supply its employee a safe place to work; (2) testimony as to the unusual length of the sill was competent; (3) a prayer for instruction that the employee was guilty of contributory negligence in not using both his hands to board the train, under the circumstances, was properly refused, it being a question for the jury.

WALKER and BROWN, JJ., dissenting.

APPEAL by defendant from *Bragaw, J.,* at May Term, 1912, of JOHNSTON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*R. L. Ray, J. A. Wellons, and J. H. Pou for plaintiff.*
*Abell & Ward for defendants.*

CLARK, C. J. This is an action for damages for personal injury sustained from negligence of the defendant. The plaintiff was a porter on the defendant's train. As the train reached the north end of the switch at Hope Mills the plaintiff, under the direction of the conductor, alighted, unlocked the switch, and stood about 3 feet south of the switch-post. As the train ran into the switch, the plaintiff caught the grab-iron of the train between the first- and second-class coaches, and before he could get on the train, which was moving "not too fast to get on safely," the plaintiff's right foot was jerked against a long cross-tie and broken just above the ankle. This tie extended 4 feet and 2 inches beyond the outside rail of the switch. It was about 3 feet longer than an ordinary tie, which extends 16 or 18 inches beyond the rail, and being on the outside of the curve, the end of the long tie stood up 6 inches above the ground. The plaintiff had never unlocked the switch before and did not know the condition of the defendant's roadbed at that point nor that the tie was 3 feet longer and higher off the ground than the other ties. He had not been told about the dangerous condition of roadbed and ties about that place. He was required to get on the moving train, in order to save time, as he was directed to do by the conductor, and while attempting to do so his foot struck the long tie and his leg was broken. The train was running slowly, and the plaintiff could have gotten on without injury had it not been for the long tie.

The plaintiff asserts as ground of negligence the failure to give him warning as to the danger of his act when he was ordered to get on the moving train by the conductor, and the failure to provide a safe place for him to do the work required of him. He also relied upon the evidence of negligence in the medical and surgical treatment by the defendant after the accident.

The defendant relies upon three exceptions: (1) That the witness C. J. Wiggs was asked, "What is the usual length of a cross-tie from the rail?" We see no error in this question, which was one of fact and pertinent to the issue before the court.

The second exception is to the refusal of a motion for a non-suit. This motion was allowed so far as the alleged negligence of the defendant, in not giving proper medical treatment and attention to the plaintiff, but was overruled as to the alleged negligence of the defendant in not providing a safe place for the plaintiff to do the work required of him. We think it needs no discussion that the evidence on that point was properly submitted to the jury.

The third assignment of error is that the court refused to instruct the jury, as prayed, "that if the plaintiff could have gotten on the defendant's train in safety by using both hands and taking hold of both the grab-irons, the one on the platform as well as the one on the car, it was his duty to do so, and his failure to do so was not exercising the ordinary care of a prudent man, and he thereby by his own negligence contributed to his own injury and is not entitled to recover in this case."

Aside from the erroneous conclusion of the prayer, which justified its refusal (*Norton v. R. R.,* 122 N. C., 934, and cases there cited), it seems clear to us that this instruction ought not to have been given. The evidence is that the plaintiff had a lantern in one hand. There was no evidence that it is necessary for persons to use both hands in getting on a train, and it is probably common observation that such is not the case. It would have been error for the court to have instructed the jury as a matter of law that the failure to use both hands, under the circumstances of the case, was negligence upon the part of the defendant. That was a matter for the jury. Even if the jury should find, on a retrospective view of the occurrence, that if the plaintiff had used both hands he would probably have avoided the accident, this would not of itself make him negligent. It was not the plaintiff's hands, but his foot, that was hurt. He did not fall from the grab-iron which he caught hold of, nor did it give way. In all probability, the accident would have occurred just as it did, had he used both hands. The injury was caused because the plaintiff's foot struck a long cross-tie before he could pull himself up. Had he attempted to use both hands while holding a lighted lantern in his hand, the probability is that his getting upon the car would have been slower

instead of faster. It was foggy and a little before day. The plaintiff needed the lantern to see how to unlock the switch. As he was ordered to alight and unlock it by the conductor, the conductor must have seen him with the lantern and have known that he needed to use it.

No error.

WALKER and BROWN, JJ., dissenting.